900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver William DAVIS, Defendant-Appellant.
 Nos. 89-5916, 89-5917.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1990.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and PAUL V. GADOLA, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Oliver Davis, appeals from his conviction of two counts of violating 18 U.S.C. Sec. 922(g)(1)--possession of a firearm by a convicted felon. There is no question as to defendant's status as a convicted felon, the indictment in count one having set forth eight previous felony convictions, all for drug offenses. The firearms in question were seized in connection with the execution of a search warrant on October 24, 1987. The search warrant was based on information provided by a confidential informant who indicated that the defendant was selling cocaine in his residence. Police executing the warrant, in addition to finding narcotics and cash, also found a .38 caliber Rossi pistol and a .12 gauge Mossberg shotgun.
 
 
 2
 After the defendant was indicted, the government filed a notice of intent to seek enhanced sentencing pursuant to the provisions of 18 U.S.C. Sec. 924(e). This section provides that a defendant who has three previous convictions for "a violent felony or a serious drug offense or both" shall be "imprisoned for not less than fifteen years." Pursuant to the provisions of section 924(e)(1), defendant was sentenced to two concurrent fifteen-year terms.
 
 
 3
 On appeal, defendant makes four arguments. First, the defendant argues that the government failed to prove the elements of the offense because the government firearms' expert at trial admitted that he had never test-fired the weapons in question. There is no merit to this argument as the statute only requires that the firearms be capable of being fired, and the expert's testimony supported that conclusion.
 
 
 4
 Defendant next argues that the grand jury indictment was defective because neither of the officers who seized the weapons in question testified before the grand jury. Again, there is no merit to this argument because the government may present its case before a grand jury by way of hearsay testimony. Costello v. United States, 350 U.S. 359 (1956).
 
 
 5
 The defendant's third argument is that the court should have suppressed the evidence as to the seized weapons since the search warrant was directed at narcotics and firearms were not specifically mentioned. This argument fails for two reasons. First, one of the officers who was present at the time that the firearms were discovered knew of defendant's prior felony record and, thus, knew that the firearms were contraband. More significantly, however, it is well settled that firearms may be seized pursuant to a search warrant directed at narcotics. Firearms are evidence of drug trafficking. United States v. Marino, 658 F.2d 1120 (6th Cir.1981).
 
 
 6
 The defendant's last argument is that, by seeking an enhancement of defendant's sentence but not including any reference to section 924(e)(1) in the indictment, the government constructively amended the indictment. This argument also fails. In United States v. Brewer, 853 F.2d 1319 (6th Cir.), cert. denied, 109 S.Ct. 375 (1988), we addressed this question and concluded that such a sentencing enhancement is not a separate offense, and the government is not required to plead this section specifically in the indictment or offer proofs at trial. The application of the enhancement provision is strictly for the trial court's determination at sentencing. Furthermore, the defendant was on notice that the government would seek this enhancement because the government filed a notice of intent to do so.
 
 
 7
 The defendant also argues that the court failed to state in open court the reasons for its imposition of the sentence given to the defendant. In support of this argument, defendant cites to the 1984 Sentencing Reform Act. However, the offense in question here occurred before November 1, 1987, the effective date of the 1984 Act, and so that Act is not applicable to defendant's sentence.
 
 
 8
 Finding no merit to any of the defendant's arguments we will AFFIRM the judgment of conviction.
 
 
 
 *
 Honorable Paul V. Gadola, United States District Court for the Eastern District of Michigan, sitting by designation